McGowr, J.
By the terms of the lease the defendant’s term expired on May 1, 1887, at twelve o’clock m., and plaintiff was entitled to possession at that time. Upon failure of defendant to remove therefrom and yield up the possession at the expiration of his term, it was at the option of the plaintiff either to treat the defendant as a tenant holding over under the same terms and conditions as contained in the original agreement or as a trespasser, provided no new agreement had been made for a further term.
Plaintiff, on the 28th of April, no new agreement having up to that date been made, notified defendant that he must vacate the premises on May 1st, and on the same day also notified defendant that the rent for the premises for the ensuing year would be $2,400. No reply was made by defendant to this notice, but defendant continued in the occupancy of and in possession of said premises on the 1st day of May, 1887, and retained possession of the same from *725 May 1 to October 1, 1887, with notice that the rent of same would be $2,400 per annum. This constituted an implied assent on the part of the defendant to the terms imposed by the landlord, and in the absence of any specified time for the payment of the rent, the rent would be payable quarterly and two quarters’ rent was due on October 1, 1887.
Had the plaintiff on the 3d of May rented the premises (with the defendant in possession) to any other person, and attempted to dispossess the defendant on the ground of defendant’s holding over without the permission of the plaintiff, defendant could have successfully defended his right of possession by proving plaintiff’s notice to him of the increased rent, and defendant’s assenting thereto, by remaining in possession and occupying the premises after such notice.
I find no errors committed on the part of the justice before whom the action was tried in the rulings made by him ' which require a reversal of the judgment, and the judgment appealed from must therefore be affirmed, with costs.
Pitshke, J.,